UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RIDGEVIEW MANOR, LLC,

                Petitioner,

v.                                                                                                          **ORDER**
                                                                                             11-CV-86S

JOANNE HAMME and SOCIAL SECURITY
ADMINISTRATION,

                Respondent.

      1. Presently before this Court is Respondent's, the Social Security Administration ("SSA"), Motion to Dismiss. (Docket No. 2.) This matter comes before this Court as a result of Petitioner Ridgeview Manor, LLC's commencement of an action against Respondent Joanne Hamme, on March 31, 2010, for failure to turn over monthly social security benefits in accordance with an "admission agreement." (Pet., ¶ 8, Docket No. 1-2.) On July 26, 2010, Petitioner secured a default judgment against Hamme in the amount of $8,340.75. (Id. ¶ 9.) Petitioner then filed a petition in New York State Supreme Court, Erie County, seeking an order directing SSA to turn over to it Hamme's past and future social security benefits. On January 27, 2011, SSA removed that petition to the United States District Court for the Western District of New York. (Docket No. 1.) SSA subsequently brought the instant motion to dismiss.

      2. In its motion, SSA argues that any order directing it to turn over Hamme's social security benefits would be in violation of 42 U.S.C. § 407(a), and cites factually analogous case law in support.

      3. 42 U.S.C. § 407(a) holds in relevant part that:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights

> existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

4. Petitioner filed an affirmation on April 11, 2011, after initially failing to respond to SSA's motion. In its affirmation, Petitioner "requests that this matter be discontinued by the Court with prejudice." (Pet'r's Affirmation ¶ 3, Docket No. 7.) Petitioner adds that its request "is based upon the statutory and case law cited by Respondent." (Id. ¶ 4.) Petitioner also adds that its request "should in no way be construed to evidence [Petitioner's] abandonment of its intent to secure the Social Security money through other judicial means." (Id. ¶ 5.)

5. In consideration of Petitioner's decision not to oppose SSA's motion, and Petitioner's own request that this matter be discontinued with prejudice, this Court will grant Respondent's Motion to Dismiss and grant Petitioner's request. This Court takes no position on whether Petitioner has available to it other judicial means of securing payment.

***

IT HEREBY IS ORDERED, that Respondent SSA's Motion to Dismiss (Docket No. 2) is GRANTED.

FURTHER, that Petitioner Ridgeview Manor, LLC's Petition (Docket No. 1) is DISMISSED with prejudice.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: April 26, 2012
       Buffalo, New York
                                                  /s/William M. SKretny
                                                    WILLIAM M. SKRETNY
                                                           Chief Judge
                                           United States District Court